UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YOU ZHONG PENG, | : | |
| | : | |
| Petitioner | : | |
| vs. | : | CIVIL NO. 1:CV-14-1370 |
| | : | |
| WARDEN DAVID EBBERT, | : | (Judge Caldwell) |
| | : | |
| Respondent | : | |

*M E M O R A N D U M*

I. *Introduction*

The pro se petitioner, You Zhong Peng, a prisoner confined at the United States penitentiary in Canaan, Pennsylvania, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Peng challenges his 1997 convictions in the United States District Court for the Eastern District of New York for conspiracy to engage in hostage taking, one count of hostage taking in which death resulted, two additional counts of hostage taking and two counts of using a firearm in connection with a crime of violence.

In his Petition, Peng presents three claims: (1) his trial counsel was ineffective by failing to present the expert testimony of a psychiatrist as to Petitioner's mental condition which made him easily dominated by other members of his group; (2) the trial court abused its discretion by not allowing Peng's psychiatrist to testify to his mental illness and brain disorder; and (3) the trial court abused its discretion when it sentenced Petitioner the same day he was convicted and without the benefit of a pre-sentence investigation report being completed.

We conclude Peng has failed to show that a motion under 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of his detention. His § 2241 petition will therefore be summarily dismissed for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (West Supp.).[1]

## II. *Background*

On September 28, 1995, Peng, along with four other individuals who were all members of an Asian gang called the "Plum Blossom Boys," were indicted in the Eastern District of New York for various hostage and firearms offenses.[2]

On April 3, 1997, following a jury trial, Peng was convicted of conspiracy to engage in hostage taking, one count of hostage taking in which death resulted, two additional counts of hostage taking and two counts of using a firearm in connection with a crime of violence. On that same day the district court sentenced Peng to a mandatory term of life imprisonment on the hostage-takings counts (mandatory because one of the hostage takings resulted in death) and to a consecutive twenty-five-year term of imprisonment on the firearms offenses.

On direct appeal, Peng challenged the district court's refusal to grant post-

---

[1] Under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A. foll. § 2254 (West Supp.), the rules governing petitions under 28 U.S.C. § 2254 can be applied to section 2241 petitions. Rule 4 of the section 2254 rules permits summary dismissals.

[2] In this background, the court takes judicial notice of information gleaned from the docket sheets in *United States v. Chen*, 1:95-CR-00870-ERK-4 (E.D.N.Y.) and *Peng v. United States*, 1:98-CV-7697-ERK (E.D.N.Y.), available through the federal court's online Public Access to Court Electronic Records (PACER) system at http://www.pacer.gov/.

trial neurological and psychiatric examinations and an evidentiary hearing based on Peng's Rule 33 motion for a new trial. His conviction was affirmed on appeal on December 15, 1997.[3] *See United States v. Fu Xin Chen*, 131 F.3d 132 (2d Cir. 1997).

In December 1998, Peng filed a motion to vacate pursuant to 28 U.S.C. § 2255, challenging the lower court's refusal to appoint a psychiatrist during trial as an expert for the defense and making a claim of ineffectiveness of trial counsel. On July 13, 1999, the United States District Court for the Eastern District of New York denied Peng's motion. Petitioner's request for a certificate of appealability was denied on October 29, 1999. On May 3, 2000, the Second Circuit denied Peng's motion for a certificate of appealability.

On April 7, 2003, Petitioner filed a motion pursuant to Fed. R. Civ. P. 60(b). In his motion, Peng asserted that he had obtained newly discovered evidence: identical affidavits of co-defendants, sworn to on April 18, 2002, that supported the duress defense he presented at trial and a claim of actual innocence.[4] On January 31, 2005, the trial court

---

[3] Peng appealed from the trial court's denial of his motion for a new trial pursuant to Fed. R. Crim. P. 33 so he could obtain further psychiatric and neurological examinations to support his duress defense.

[4] Peng has submitted two identical affidavits of his co-defendants, both dated April 18, 2002, in this matter as well. In relevant part, they assert that:

> Peng, with a weak mind, will and character, and was pressured and coerced under the circumstances to whatever extent his involvement was alleged, to committing these crimes, and that You Zhong Peng did not appear to have the capacity or will to commit any of these alleged actions on his own, and that his demeanor and attitude was one of following under pressure, and that it was possible that physical violence would have occurred

(continued...)

denied Peng's motion, noting that if Petitioner wished to pursue postconviction relief a second time he had to seek permission from the Court of Appeals.

Undeterred, in January 2005, Peng then filed a motion for a modification of his sentence. On May 31, 2006, the court denied the motion. Peng then filed a notice of appeal. On June 1, 2007, the Second Circuit denied his appeal. Peng filed the instant section 2241 petition on July 6, 2014.

## III. *Discussion*

"A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence," *Massey v. United States,* 581 F.3d 172, 174 (3d Cir. 2009), and the motion must be presented to the sentencing court. *See* 28 U.S.C. § 2255(a) (providing that a defendant "may move the court which imposed the sentence").

A defendant may invoke section 2241, but only when he shows under section 2255's "safety valve" provision, 28 U.S.C. § 2255(e), that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle v. United States ex rel. Miner,* 290 F.3d 536, 538 (3d Cir. 2002). "Section

---

[4](...continued)

> to either him and, or his family if he had attempted or flee and notify the police.

*See* Doc. 1, ECF pp. 23-24.

2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Id.* at 539.[5] Rather, the "safety valve" under section 2255 is extremely narrow and has been held to apply only in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for conduct later deemed to be non-criminal by an intervening change in law. *Okereke v. United States,* 307 F.3d 117, 120 (3d Cir. 2002) (citing *In re Dorsainvil,* 119 F.3d 245, 251 (3d Cir. 1997)). If a defendant improperly challenges his federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante,* 437 F.2d 1164, 1165 (3d Cir. 1971); *Hill v. Williamson*, 223 F. App'x 179, 180 (3d Cir. 2007)(nonprecedential).

Applying the foregoing principles here, the court finds that Peng is raising claims in the pending section 2241 petition that clearly fall within the purview of section 2255 as they challenge his conviction and sentence. As noted above, he may not raise his present claims in a section 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective. And that remedy is not inadequate or

---

[5] Section 2255's "gatekeeping" provision, section 2255(h), prohibits a second or successive 2255 motion unless the following requirements are met:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

ineffective merely because he cannot meet the gatekeeping requirements for the filing of a second 2255 motion. We therefore lack jurisdiction over his 2241 petition.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: August 11, 2014