UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

YOU ZHONG PENG,                          :
                                         :
              Petitioner                 :
     vs.                                 :        CIVIL NO. 1:CV-14-1370
                                         :
WARDEN DAVID EBBERT,                     :        (Judge Caldwell)
                                         :
              Respondent                 :

M E M O R A N D U M

I.    *Introduction*

     The pro se petitioner, You Zhong Peng, has filed a motion (Doc. 7) for

reconsideration of this court's order dated August 12, 2014.  That order summarily

dismissed Peng's 28 U.S.C. § 2241 petition for lack of jurisdiction pursuant to Rule 4 of the

Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C.A.

foll. § 2254 (West Supp.).[1]  (Doc. 6).  For the reasons that follow, the motion for

reconsideration will be denied.

II.   *Standard of Review*

     The scope of a motion for reconsideration is extremely limited.  *Blystone v.*

*Horn*, 664 F.3d 397, 415 (3d Cir. 2011).  "Such motions are not to be used as an

opportunity to relitigate the case; rather, they may be used only to correct manifest errors

---

     [1] Under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District
Courts, 28 U.S.C.A. foll. § 2254 (West Supp.), the rules governing petitions under 28 U.S.C. § 2254
can be applied to section 2241 petitions.  Rule 4 of the section 2254 rules permits summary
dismissals.

of law or fact or to present newly discovered evidence." (*Id.*) (citing *Howard Hess Dental Labs, Inc., v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010)).  Thus, a movant seeking reconsideration must show: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Blystone*, 664 F.3d at 415-16.

III.   *Discussion*

We dismissed the 2241 petition because Peng was challenging criminal convictions against him in the United States District Court for the Eastern District of New York, and he had failed to show that filing a motion under 28 U.S.C. § 2255 in the sentencing court was an inadequate or ineffective remedy for his challenge.  *See You Zhong Peng v. Ebbert*, 2014 WL 3943725, at *2 (M.D. Pa.).

In his motion for reconsideration, Peng does not seek reconsideration of the August 12 order.  Instead, he requests that this court transfer his petition to the Eastern District of New York.  We decline to do so for two reasons.

28 U.S.C. § 1404(a) governs the transfer of civil actions between federal district courts.  Such a transfer is appropriate "[f]or the convenience of parties and witnesses, [and] in the interest of justice," to any district where the action may have properly been initiated.  *Id.*  Since habeas corpus petitions are civil actions, they can be transferred under § 1404.  *In re Nwanze*, 242 F.3d 521, 526 n.2 (3d Cir.2001).  However, as we noted in our memorandum of August 12, Peng had already filed a motion to vacate his sentence under 28 U.S.C. § 2255.  2014 WL 3943725, at *1.  Thus he must seek leave of the United States Court of Appeals for the Second Circuit if he wishes to file a second or

successive § 2255 motion.  Second, to the extent he seeks to transfer this matter for consideration as a § 2241 petition, it would not be in the interests of justice to do so as § 2241 petitions may only be brought in the district of confinement.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 447, 124 S.Ct. 2711, 2724, 159 L.Ed.2d 513 (2004); 28 U.S.C. 1404(a).

    We will issue an appropriate order.


              /s/ William W. Caldwell  
              William W. Caldwell
              United States District Judge


Date: December 22, 2014